**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Alfonso Boyd, ) | C/A No. 4:10-237-CMC-TER |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on July 12, 2011 recommending that the Commissioner's decision be reversed and this matter be remanded to the Commissioner. Dkt. No. 17. Defendant filed timely objections to the Report. Dkt. No. 18. For the reasons set forth below, the court declines to adopt the Report and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

1

to her with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Defendant objects to the Report's recommendation that this matter be remanded to the Commissioner. Dkt. No. 18. The Report recommends remand due to the ALJ's failure to (1) present a comprehensive hypothetical to the vocational expert; (2) explain his assessment of several physicians' opinions related to Plaintiff's knee impairments; and (3) fully assess the medical evidence regarding problems Plaintiff would have performing fine dexterity actions due to his hand impairments. Dkt. No. 17. For the reasons stated below, the court declines to adopt the Report and

2

affirms the decision of the Commissioner.

Hypothetical to Vocational Expert. The Report finds that "even though the ALJ found [P]laintiff had severe impairment of the knee, the ALJ did not state any limitations or restrictions in the hypothetical [to the vocational expert ("VE")] with regards to walking, standing, or the fact that [P]laintiff uses a cane." Dkt. No. 17 at 10. In his objections, Defendant argues that because the hypothetical presented to the VE indicated the individual was only capable of sedentary work, it was representative of Plaintiff's mobility restrictions. Dkt. No. 18 at 2-3. This court agrees that the hypothetical presented to the VE was adequate and does not require remand.

In his decision, the ALJ determined that Plaintiff had the severe impairment of degenerative joint disease. Tr. 3. The medical opinion of Dr. Leander Cannick ("Cannick") indicated that Plaintiff should avoid prolonged standing, walking, climbing stairs, heavy lifting and "any activity placing stress on his joints." Tr. 273. At the hearing, the ALJ confirmed that the VE was familiar with the agency's terms and regulations and then asked her to assume a hypothetical individual of Plaintiff's age, education, and work experience who "retains the sendentary exertional capacity only with the following limitations to it; no climbing, crawling or kneeling. No more than occasional crouching and stooping . . . ." Tr. 39-40. As Defendant argues in his objections, the agency's definition of "sedentary work" is the ability to lift or carry no more than 10 pounds, with sitting for the majority of the time with a certain amount of standing and walking. 20 C.F.R. § 404.1567(a); SSR 83-10, 1983 WL 31251 (1983). Thus, the hypothetical, which indicated that the individual was only capable of sedentary work, implicitly took into account Plaintiff's limitations or restrictions as to walking and standing.

As to Plaintiff's use of a cane, the record shows that Plaintiff was prescribed a cane by Dr.

3

Gary Harbach ("Harbach") in November 2006. However, there is some conflict in the record as to whether Plaintiff required the cane to walk. Treatment notes from the Charleston VA hospital dated March 14, 2007 indicate that Plaintiff reported not using a cane (Tr. 289-90); notes from Dr. Adebola Rojugbokan dated April 4, 2007 indicate that Plaintiff had a normal gait without use of a cane (Tr. 342), but in his hearing testimony on March 13, 2009, Plaintiff testified that he used a cane daily without stating for how long he had been doing so (Tr. 25). Therefore, the ALJ may have been justified in not including use of a cane in his hypothetical to the VE. Even assuming that Plaintiff does require a cane, there is no indication that use of a cane would prevent Plaintiff from performing the minimal standing, walking and carrying requirements of sedentary work.[1] *See*, *e.g.*, *Grebenick v. Chater*, 121 F.3d 1193 (8th Cir. 1997) (finding claimant who used a cane capable of performing sedentary work). Therefore, the court finds that the ALJ's hypothetical presented to the VE "fairly set out all of claimant's impairments" *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) by indicating that the individual was only capable of sedentary work, and any failure to list Plaintiff's restrictions in the hypothetical does not require remand.

**Assessment of Physicians' Opinions.** In relation to Plaintiff's knee impairments, the Report states that the ALJ failed to explain his assessments of the opinions of Drs. Kay McCann ("McCann") and Cannick and as well as other evidence supporting their opinions and, therefore, remand is necessary to re-evaluate Plaintiff's residual functional capacity ("RFC"). Dkt. No. 17 at 12. The court finds that the opinions of McCann and Cannick were properly accounted for in the

---

[1] Defendant also notes that any error in omitting Plaintiff's cane restriction from the hypothetical to the VE would be harmless as the restriction would not preclude the sedentary jobs of surveillance-system monitor, inspector, and machine tender, which the VE identified as occupations an individual with Plaintiff's restrictions would be able to perform. Dkt. No. 18 at 3; Tr. 40.

ALJ's decision and remand is not required.

As to Cannick's opinion, Defendant argues that even though the ALJ did not directly discuss the opinion in terms of what weight he assigned it, it is clear from the ALJ's decision that he adopted the bulk of Cannick's opinion in determining that Plaintiff retained the RFC to "perform unskilled sedentary exertional work . . .[and] should not climb, crawl or kneel." Dkt. No. 18 at 4. The court finds that the consistency between the ALJ's decision and Cannick's opinion indicates that the ALJ did not discount Cannick's opinion and, therefore, any failure by the ALJ to discuss the weight afforded to the opinion does not require remand.

Cannick's opinion restricted Plaintiff's physical activity to avoiding "prolonged standing, walking, heavy lifting, going up and down stairs, and/or activity that would place stress on joints." Tr. 273. These restrictions nearly match the RFC determination contained in the ALJ's decision. *See* Tr. 13. First, the definition of sedentary work limits periods of standing or walking to no more than about two hours of an eight-hour workday and involves lifting no more than 10 pounds at a time. *See* SSR 83-10, 1983 WL 31251 (1983). Second, the ALJ's RFC determination states that Plaintiff "should not climb, crawl or kneel" (Tr. 13), a prohibition also contained in Cannick's opinion. Therefore, it is clear that in determining Plaintiff was capable of no more than sedentary work and further limiting his abilities in Plaintiff's RFC, the ALJ's findings were consistent with Cannick's medical opinion. Therefore, any failure to articulate what standards the ALJ used to weigh Cannick's opinion do not require remand.

As to McCann's opinion, although not directly addressed in Defendant's objections, the court finds the ALJ's decision is consistent with her medical opinion. McCann found limitations in the bilateral range of motion of Plaintiff's knee and noted that x-rays revealed severe degenerative joint

arthritis, which would significantly limit Plaintiff's function. Tr. 460. Having reviewed the record, the court finds that these limitations and restrictions are consistent with the ALJ's RFC determination. Therefore, any failure to specifically mention McCann's opinion in the ALJ's decision does not require remand.

**Hand Impairments.** The record indicates that Plaintiff suffered injuries which led to two fingertip amputations on his left hand and a tendon tear in his right hand in 1989 and 1990. Tr. 372-73, 376. Due to these injuries, the ALJ limited Plaintiff's RFC to "frequent fingering." Tr. 13. Social Security Ruling 85-15 states that "'[f]ingering' involves picking, pinching, or otherwise working primarily with the fingers [and] is needed to perform most unskilled sedentary jobs . . . ." SSR 85-15, 1985 WL 56857 (1985). The further limitation to only "frequent" fingering indicates that Plaintiff could only perform the activity between one-third and two-thirds of the time in an occupation.[2] *See Hulsey v. Astrue*, 622 F.3d 917, 925 (8th Cir. 2010) (citing 2 *Dictionary of Occupational Titles* app. C, at 1013 (4th ed. 1991)).

The Report concludes that the ALJ erred in not properly analyzing the medical evidence with regard to Plaintiff's ability to finger and grasp objects, and the matter should be remanded for the ALJ to "incorporate proper fine dexterity restrictions in the RFC and obtain supplemental VE testimony giving a proper hypothetical based on a proper analysis of the evidence." Dkt. No. 17 at 16. Defendant argues that the ALJ adequately addressed the medical evidence concerning Plaintiff's hand impairments and gave Plaintiff the benefit of the doubt with a "frequent fingering" limitation

---

[2] According to the *Dictionary of Occupational Titles*, a limitation to "frequent" activity is in contrast to (1) "occasional" activity, which is activity that exists up to one-third of the time in an occupation and (2) "constant" activity, which is activity that exists two-thirds or more of the time in an occupation. 2 *Dictionary of Occupational Titles* app. C, at 1013 (4th ed. 1991)

as Plaintiff (1) engaged in substantial gainful activity for fifteen years after sustaining his hand injuries; (2) did not claim in his application for DIB that he had limitations on his ability to work because of his hand injuries; and (3) admitted in his hearing testimony he had problems gripping but no difficulty fingering. *See* Dkt. No. 18 at 5-6.

The court finds that the ALJ properly considered the medical evidence with regard to Plaintiff's hand impairments and adequately accounted for the impairments in his RFC determination and hypothetical presented to the VE. The record contains notes from an examination by Dr. Adebola Rojugbokan ("Rojugbokan"), which indicate that Plaintiff had "marked abnormalities" with regard to the amputation of his fingertips and decreased range of motion in his hands. Tr. 342. However, Rojugbokan did not assess any limitations in Plaintiff's ability to use his hands. *See id.* Additionally, despite Plaintiff's subjective complaints, VA treatment notes from September 2006 indicate that Plaintiff's left hand had full motor strength, normal sensation, and all four fingers could oppose to the thumb, and, while he had no active range of motion at the distal interphalangeal joint in his right fourth finger due to the tendon tear, he had normal sensation, full strength, and could oppose the thumb to the joint. Tr. 291. This medical evidence read together with Plaintiff's failure to include his hand impairments as a limitation in his DIB application and his engagement in substantial gainful activity for fifteen years after injuring his hands supports the ALJ's finding that Plaintiff's hand impairments did not render him disabled. *See Craig v. Chater*, 76 F.3d 585, 592 (4th Cir. 1996). The court finds that the ALJ's decision to include a "frequent fingering" limitation in Plaintiff's RFC determination and hypothetical presented to the VE is supported by substantial evidence due to Plaintiff's amputations and the evidence that Plaintiff had some trouble grasping.

The court finds that the ALJ properly considered the medical evidence regarding Plaintiff's hand impairments and there is no need to remand this case for an evaluation of whether Plaintiff has greater manipulative limitations.[3]

## CONCLUSION

For the reasons set forth above, the court declines to adopt the Report and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 17, 2011

---

[3] Defendant argues that two of the three sedentary jobs, which the VE identified as occupations an individual with Plaintiff's restrictions would be able to perform, do not require any fingering. Therefore, even if the ALJ erred and Plaintiff's manipulative limitations were more restrictive, it would not likely have affected the ALJ's finding at Step Five of the sequential evaluation that work exists in significant numbers in the national economy that Plaintiff can do given his RFC. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (finding ALJ's error harmless where the ALJ would have reached the same result notwithstanding an error in his analysis).